UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEFENDERS OF WILDLIFE, CENTER FOR )
BIOLOGICAL DIVERSITY, and WILDEARTH )
GUARDIANS, )
                                                                         ) Case No. 1:19-CV-1709-RC
      Plaintiffs, )
                                               )
vs. )
                                             )
DAVID BERNHARDT, Secretary of the U.S. )
Department of the Interior; MARGARET )
EVERSON, Principal Deputy Director of the U.S. )
Fish and Wildlife Service; U.S. FISH AND )
WILDLIFE SERVICE, )
                                             )
      Defendants. )

## STIPULATED SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Defenders of Wildlife, Center for Biological Diversity, and WildEarth Guardians and Defendants David Bernhardt, in his official capacity as Secretary of the U.S. Department of the Interior; Margaret Everson, in her official capacity as Principal Deputy Director Exercising the Authority of the Director of the U.S. Fish and Wildlife Service; and the U.S. Fish and Wildlife Service ("the Service"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on September 8, 2016, the Service received Plaintiffs' petition to list the lesser prairie-chicken (*Tympanuchus pallidus*) and three distinct population segments of the species as endangered under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et. seq.*;

WHEREAS on November 30, 2016, the Service published a 90-day finding pursuant to 16 U.S.C. § 1533(b)(3)(A) on Plaintiffs' petition, finding that Plaintiffs' petition presented substantial scientific or commercial information indicating that listing the lesser prairie-chicken may be warranted. 81 Fed. Reg. 86,315, 86,317 (Nov. 30, 2016);

1

WHEREAS the Service has not yet issued a 12-month finding under 16 U.S.C. § 1533(b)(3)(B) on Plaintiffs' petition;

WHEREAS, on February 14, 2019, Plaintiffs sent Defendants a letter entitled "Sixty-Day Notice of Intent To Sue for Failure to Issue a 12-Month Finding on a Petition to List the Lesser Prairie Chicken as Endangered or Threatened Under the Endangered Species Act";

WHEREAS, on June 4, 2019, Defendants responded to the February 14, 2019, letter;

WHEREAS, on June 12, 2019, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief, ECF No. 1, initiating the above-captioned action to compel the Service to issue a 12-month finding pursuant to 16 U.S.C. § 1533(b)(3)(B);

WHEREAS Plaintiffs allege Defendants have violated their duty to meet the ESA deadline to make a 12-month finding in response to Plaintiffs' petition to list the lesser prairie-chicken as endangered under the ESA;

WHEREAS the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS the parties desire to compromise and settle Plaintiffs' claim according to the terms set forth below, and thus agree hereto to the entry of this Stipulated Agreement:

1. No later than May 26, 2021, the Service shall submit to the *Federal Register* for publication a 12-month finding as to whether the petitioned action is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B).

2. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a 12-month finding under 16 U.S.C. § 1533(b)(3)(B) in any other proceeding regarding the Service's implementation of the ESA.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be

followed in making any determination required herein, or as to the substance of any final determination. To challenge any determination issued pursuant to Paragraph 1, Plaintiffs must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

5. Plaintiffs agree to release all claims, demands, rights, and causes of action for attorneys' fees and costs incurred in connection with the above captioned litigation pursuant to the ESA, 16 U.S.C. § 1540(g), and/or any other statute and/or common law theory, through and including the date of this agreement. Plaintiff's agreement to so limit its release of their claim for attorneys' fees is expressly limited to this action and does not apply to any other litigation including but not limited to any future litigation regarding the lesser prairie-chicken.

6. Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the deadline in Paragraph 1, or for any other unforeseen continuation of this action. Defendants reserve the right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates and the number of hours billed, in any future litigation. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

7. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims or defenses it may have. This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

9. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein. The Agreement contains all of the agreement between the parties, and is intended to be the final and sole agreement between the parties. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

10. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

11. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying the Agreement.

12. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 12th day of September, 2019.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Asst. Section Chief

/s/ Devon Lea Flanagan
DEVON LEA FLANAGAN
Trial Attorney, D.C. Bar No. 1022195
Wildlife and Marine Resources Section
Ben Franklin Station
P. O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0201 (tel.)
(202) 305-0275 (fax)
devon.flanagan@usdoj.gov

*Attorneys for Defendants*

/s/ Jason C. Rylander
JASON C. RYLANDER
Defenders of Wildlife
1130 17th Street, NW
Washington, D.C. 20036
202-682-9400 x. 145

*Attorney for Plaintiffs*

**IT IS SO ORDERED.**

Dated: 9/16/2019

Signed by:

Hon. Rudolph Contreras
**United States District Judge**